IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

DE'ANDRE ANDERSON,

    Petitioner,

v.                                                   Case No. 5:23-cv-00554

W. HOLZAPFEL, Warden,

    Respondent.

**PROPOSED FINDINGS AND RECOMMENDATION**

On August 17, 2023, Petitioner, an inmate who was then housed at FCI Beckley, in Beaver, West Virginia, acting *pro se*, filed an Application Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in State or Federal Custody (hereinafter "Petitioner's section 2241 petition") (ECF No. 1). Petitioner paid the applicable $5.00 filing fee. This matter is assigned to the Honorable Frank W. Volk, United States District Judge, and it has been referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On July 1, 2020, Petitioner was arrested by state authorities in Cuyahoga County, Ohio, for Having Weapons While Under Disability, Drug Trafficking, Driving Under Suspended/Revoked License, and a parole violation in Case Nos. CR-20-651509-A and CR-11-04-0855 (A). (ECF No. 8, Ex. 1 ¶ 4 & Attach. A (Booking History Report)). On August 11, 2020, Petitioner was sentenced to 234 days of prison sanction time in Case No. CR-11-04-0855 (A). (*Id.*, ¶ 5 & Attachs. B (Email Correspondence with Ohio Parole Board,

Chief Hearing Officer), C (Certification of Incarceration)). Petitioner was also awarded 36 days of jail time credit from July 6, 2020, through August 10, 2020, in Case No. CR-11-04-0855 (A). (*Id.*)

On March 30, 2021, Ohio state authorities relinquished primary custody of Petitioner to the United States Marshals Service ("USMS") due to Petitioner's 234-day prison sentence ending on April 1, 2021, in Case No. CR-11-04-0855 (A). (*Id.* & Attachs. B, D (USMS Individual Custody/Detention Report)). On May 19, 2021, Case No. CR-20-651509-A was dismissed. (*Id.*, Ex. 1 ¶ 7 & Attachs. E (Journal Entry), F (Case Information Sheet)).

On February 2, 2022, Petitioner was sentenced in the United States District Court for the Northern District of Ohio to a 42-month term of imprisonment in Case No. 1:21-CR-00410- PAB(1) for Felon in Possession of a Firearm. (*Id.*, ¶ 8 & Attach. G (Judgment in a Criminal Case)). Also on February 2, 2022, Petitioner's supervised release was revoked in the United States District Court for the Northern District of Ohio, and Petitioner was sentenced to an eight-month term of imprisonment in Case No. 1:15-CR-00434-002. (*Id.*, ¶ 9 & Attach. H (Order)).

Plaintiff's federal sentence, as calculated by the BOP, commenced on February 2, 2022, the date it was imposed. (*Id.*, ¶¶ 10, 11 & Attach. I (Sentence Monitoring Computation Data)). The BOP applied 314 days of prior custody credit, from July 1, 2020 (date of state arrest) through July 5, 2020 (because the state began applying presentence credit to Petitioner's state sentence on July 6, 2020); and also from March 30, 2021 (date Petitioner entered USMS custody) through February 1, 2022 (date immediately preceding Petitioner's sentencing on his federal charges). (*Id.*, ¶ 12 & Attach. I). At the time of

briefing herein, Petitioner's projected release date was October 10, 2024 via good conduct time release. (*Id.*, ¶ 13 & Attach. I).

Petitioner's instant § 2241 petition seeks additional prior custody credit back to the date of his offense through sentencing. (ECF No. 1 at 7). On October 30, 2023, Respondent filed a response to Petitioner's § 2241 petition asserting that Petitioner's federal sentence did not commence until March 30, 2021, when he was released from state custody and that he is not entitled to any additional prior custody credit or a *nunc pro tunc* designation. (ECF No. 8 at 4-8). Petitioner did not file a reply brief.

On February 4, 2025, Respondent filed a Motion to Dismiss Petition (ECF No. 9) asserting that Petitioner's petition must be dismissed as moot due to his release from federal custody. According to the Federal Bureau of Prisons' ("BOP") inmate locator on its website, www.bop.gov, Petitioner was released from BOP custody as of December 3, 2024. Thus, as addressed below, his § 2241 petition is now moot and must be dismissed.

## **ANALYSIS**

The United States Constitution limits the jurisdiction of federal courts to actual cases or controversies that are present at all stages of review. U. S. Const., art. III, § 2; *Honig v. Doe*, 484 U.S. 305, 317 (1988); *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990). When a case or controversy no longer exists, the claim is said to be "moot." In the context of habeas corpus, a case is rendered moot when the inmate has been released from the custody being challenged, without collateral consequences, and the court can no longer remedy the inmate's grievance. *See*, *e.g.*, *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Alston v. Adams*, 178 F. App'x 295, 2006 WL 1194751 (4th Cir. 2007); *Alvarez v. Conley*, 145 F. App'x 428, 2005 WL 2500659 (4th Cir. 2005); *Smithhart v. Gutierrez*, No. 3:06-cv-11, 2007 WL 2897942 (N.D.W. Va. 2007).

As noted above, Petitioner has been released from BOP custody without any collateral consequences related to his claims; thus, this federal court is no longer able to grant his requested relief. Therefore, the undersigned proposes that the presiding District Judge **FIND** that Petitioner's § 2241 petition is moot due to his release from BOP custody without collateral consequences. Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** Respondent's Motion to Dismiss Petition (ECF No. 9), **DENY AS MOOT** Petitioner's Petitions for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1), and dismiss this civil action from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendation" is hereby filed, and a copy will be submitted to the Honorable Frank W. Volk, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (making of objections), and then three days (service/mailing), from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties and Chief Judge Volk.

The Clerk is directed to file this "Proposed Findings and Recommendation," to mail a copy of the same to Petitioner at his last known address, and to transmit a copy to counsel of record.

<u>February 26, 2025</u>

                                          Dwane L. Tinsley
                                          United States Magistrate Judge